UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

COOK INTERNATIONAL TRADE &
BROKERAGE, INC., a Florida
corporation,

    Plaintiff/Counter-Defendant,

v.                                            CASE NO. 3:22-cv-467-TJC-MCR

JACOB SHUMAKER, an individual,

    Defendant/Counter-Plaintiff.
_____/

## ORDER

**THIS CAUSE** is before the Court on Jacob Shumaker's Motion for Leave to File Second Amended Answer and Counterclaim ("Motion to Amend") (Doc. 19), Cook International Trade & Brokerage, Inc.'s Response in Opposition to Motion to Amend (Doc. 20), Jacob Shumaker's Amended Motion for Leave to File Reply in Support of His Motion to Amend ("Motion for Reply") (Doc. 22), and Cook International Trade & Brokerage, Inc.'s Response in Opposition to Motion for Reply (Doc. 24).  For the reasons that follow, the Motion to Amend is due to be **GRANTED as stated herein** and the Motion for Reply is due to be **DENIED**.

### I.    Introduction

On March 23, 2022, Cook International Trade & Brokerage, Inc. ("CITB") filed a two-count Complaint for Damages against Jacob Shumaker

("Shumaker") for breach of fiduciary duty and breach of contract in the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida. (Doc. 2.) On April 22, 2022, Shumaker removed the action to this Court based on diversity jurisdiction. (Doc. 1.) On May 13, 2022, Shumaker filed his original Answer, including affirmative defenses, and a three-count Counterclaim against CITB for breach of contract, tortious interference with business relations, and defamation. (Doc. 7.) On June 6, 2022,[1] pursuant to Fed.R.Civ.P. 15(a)(1)(A), Shumaker filed his First Amended Answer, including affirmative defenses, and a four-count Amended Counterclaim against CITB for breach of contract, tortious interference with business relations, defamation, and reformation. (Doc. 16.)

On July 15, 2022, Shumaker filed the present Motion to Amend, seeking leave to file a Second Amended Answer, including an additional affirmative defense, and a [Second] Amended Counterclaim, which were attached to the Motion to Amend. (Docs. 19, 19-1.) The proposed Second Amended Answer includes the following new affirmative defense: "To the extent that this Court determines that Shumaker International Corp. is the party in interest to the alleged agreement between the parties, Plaintiff

---

[1] On the same day, the Court entered a Case Management and Scheduling Order, setting July 15, 2022 as the deadline for motions to add parties or amend pleadings. (Doc. 14.)

cannot recover against Defendant Jacob Shumaker." (*Id.*)  Further, the proposed [Second] Amended Counterclaim adds Shumaker International Corp. as an additional Counter-Plaintiff and Daniel Cook, an individual, as an additional Counter-Defendant.  (*Id.*)  Shumaker also seeks to adjust the damages sought for breach of contract from $318,000 to $346,943.06 and to revise the dollar value of invoices issued by CITB to Shumaker, which were previously attached as Exhibit 4 to the Amended Complaint, in light of additional invoices that CITB sent to Shumaker after the filing of the initial Answer and Counterclaim.  (Doc. 19 at 2-3.)  Otherwise, the proposed [Second] Amended Counterclaim includes the same four claims as the Amended Counterclaim for: (1) breach of contract against CITB; (2) tortious interference with business relations against both CITB and Daniel Cook; (3) defamation against both CITB and Daniel Cook; and (4) reformation against CITB.  (Doc. 19-1.)

In support of his request to add Shumaker International Corp. as an additional Counter-Plaintiff, Shumaker explains:

> During the entire period of the relationship between the Parties, the documentation and conduct of the parties suggests that Shumaker Intl. is a party in interest to the Parties' agreement. To wit: all invoices, payments and correspondence between the Parties were directed to and from Shumaker Intl.  Furthermore, Shumaker performed his duties under the agreement by utilizing the resources and staff of Shumaker Intl.  Shumaker Intl. may therefore be entitled to relief *in the alternative* to Shumaker's relief as a party in interest to the agreement.

3

(Doc. 19 at 2 (emphasis in original).)  Shumaker adds that the new "affirmative defense goes hand-in-hand with joining Shumaker Intl. as a plaintiff to Shumaker's Counterclaim, in that Shumaker International Corp. may be a party in interest to the agreement that is at the core of the dispute between the Parties in the underlying action." (*Id.* at 4.)

Shumaker further explains that the addition of Shumaker International Corp. as Counter-Plaintiff and Daniel Cook as Counter-Defendant would not affect the jurisdiction of this Court and would be otherwise proper under Rule 20, Fed.R.Civ.P.:

> Shumaker Intl. is a Tennessee corporation with its principal place of business in Tennessee.  Therefore, the joinder of Shumaker Intl. as a party will not affect the jurisdiction of this Court.  A common question of law and fact between claims by Shumaker and Shumaker Intl. will necessarily arise in the action, as Shumaker Intl. will assert essentially the same claims or defenses *in the alternative* to claims made by Shumaker to the extent it was a party in interest to the underlying agreement, and to the extent it suffered harm as a result of defamatory statements made by [CITB] or by Daniel Cook individually.
>
> Daniel Cook, an individual, is a resident of Florida and is domiciled in Florida.  As such, the joinder of Daniel Cook will not affect the jurisdiction of this Court.  A right to relief may be asserted against Daniel Cook jointly, severally, or in the alternative to relief sought from [CITB] for alleged defamatory publications concerning Shumaker and Shumaker Intl., as well as for tortious interference of business relations, because Counter-Plaintiffs will [sic] alleged that Dan Cook made these statements and tortiously interfered with Shumaker's and Shumaker Intl.'s business individually and on behalf of from [sic] [CITB].  Therefore, common questions of law and fact will

4

> necessarily be raised with respect to what statements published [sic] and in what capacity, and as to what actions were performed to interfere with Shumaker's and Shumaker Intl.'s business and in what capacity.

(*Id.* at 4-5 (emphasis in original).)

Shumaker argues that the proposed amendment should be allowed because it is not made for the purpose of undue delay, bad faith, or with dilatory motive. (*Id.* at 6.) Further, Shumaker explains that there would be no undue prejudice as CITB was well aware of the role of Shumaker Intl. in the performance of the agreement and Daniel Cook is the owner and director of CITB. (*Id.*) Shumaker also states that "no written discovery has been propounded, and no depositions have been scheduled or taken" as of the date of the Motion, and the amendment is sought within the deadline for amending pleadings. (*Id.*)

CITB responds that the Motion to Amend should be denied based on futility because the proposed pleading fails to state a claim. (*See* Doc. 20.) Starting with the additional defense, CITB argues that it is not an affirmative defense because Shumaker claims that "his company – not him – entered the contract in dispute." (*Id.* at 2.)

With respect to the breach of contract claim in the [Second] Amended Counterclaim, CITB states that the proposed claim is not asserted in the alternative; instead, Shumaker argues that both he and his company entered

5

into a contract with CITB, but presents no facts establishing this claim, particularly when Shumaker signed the contract in his individual capacity. (*Id.* at 3.) Further, CITB argues that the proposed amendment fails to set forth any breach of the agreement by CITB:

> The allegation that CITB breached by requiring customers to pay via ACH fails as the Agreement delegates collection on and control of the financial aspects of sales activities to CITB. Likewise, CITB had the right to restrict sales to certain customers under the Agreement – directly contradicting Shumaker's allegations. Finally, the Proposed Amendment asserts that Shumaker is not liable, in any capacity or degree, to cover the proportionate share of losses that he alone generated to the detriment of CITB. No reasonable reading of the Agreement absolves Shumaker of all liability for the losses that he alone caused.

(*Id.* at 4.) CITB also argues that the alleged damages appear to be duplicative because both Shumaker and his company seek $349,943.06 for the same alleged contractual breaches, when only one party can collect the money and that party is Shumaker who signed the agreement. (*Id.*) As Shumaker International Corp. was not a party to the agreement, the argument goes, it has no standing to assert a breach or to seek reformation of the contract. (*Id.*) Also, CITB argues that no facts support a cause of action for reformation because there are no allegations of mutual mistake by the parties, unilateral mistake on Shumaker's part as to what he was agreeing to, or unilateral mistake on Shumaker's part coupled with fraud or inequitable conduct on CITB's part. (*Id.* at 4-5, 10-11.) CITB points out that

6

allegations of mistake are subject to the heightened pleading requirements of Rule 9(b), Fed.R.Civ.P.  (*Id.* at 10.)

According to CITB, the claim for tortious interference with business relations also fails under Florida law because:

> The Proposed Amendment accuses CITB of interfering with its own customer relationships.  CITB was the principal.  Shumaker was the agent.  Shumaker was making deals for CITB.  CITB cannot interfere with its own business relationships.

(*Id.* at 5.)  CITB claims that: (1) the proposed amendment is devoid of facts that demonstrate the existence of a business relationship to which Counter-Plaintiffs have legal rights; and (2) a claim for tortious interference with business relations cannot lie where the alleged interference is directed at a business relationship to which the defendant (CITB) is a party.  (*Id.* at 11, 13.)  In addition, CITB argues that the proposed amendment violates Florida's single action rule, because  Shumaker's defamation and tortious interference claims are identical.  (*Id.* at 5, 13 ("'Florida's single action rule prohibits defamation claims from being re-cast as additional, separate torts' if the claims arise from the same defamatory publication.").)

CITB adds that the defamation count also fails to state a claim independently.  (*Id.* at 5.)  CITB explains:

> Shumaker alleges that he lost customers as a result of defamatory statements CITB made to such customers.  This claim is impossible.  Shumaker had no customers.  As set forth above (and in the parties' Agreement) he represented CITB

7

> exclusively. The customers belonged to CITB.
> . . .
> Finally, Shumaker fails to provide a link between the alleged defamation and his damages. . . . Furthermore, Shumaker fails to disclose any facts identifying a particular client grievance that caused such a drastic loss of business.

(*Id.* at 5-6.) Further:

> There are also no allegations which plausibly demonstrate that CITB made a false statement. Counter-plaintiffs do not describe the circumstances surrounding the invoicing and refunding of Uno International and Export Consulting Services. Without knowing the terms of any agreements that Shumaker may have entered with the customer, no factual basis exists to assume that Shumaker had no liability to the client. Nothing in the parties' Agreement required CITB to pay for transactions Shumaker entered or issue refunds based upon representations that Shumaker made to the clients.
> Also, Shumaker does not allege that he rendered a refund, made a payment, or suffered any direct loss as a result of the statements attributed to CITB. . . .
> Shumaker also fails to address whether Shumaker, Shumaker International Corp., or CITB were the parties to the agreements with the third parties to purchase and sell the products in the first place. . . .
> Further[,] counter-plaintiffs' commingling of the claims makes a plausible determination of damages to each impossible. Shumaker cannot sue CITB or Cook for the alleged loss of business by his company. Shumaker International Corp. cannot sue CITB or Cook for the alleged damages to Shumaker. They do not describe whose customers stopped doing business, Shumaker, Shumaker International Corp., or CITB.

(*Id.* at 15-16.) Thus, according to CITB, the defamation claim fails because Shumaker cannot establish damages, causation, or a defamatory statement.

(*Id.* at 14.)

Finally, CITB points out that the proposed amendment constitutes an

8

impermissible shotgun pleading because it includes "multiple parties in single counts without separating claims" and "a blanket incorporation of all prior paragraphs into all counts." (*Id.* at 6, 17-18.) CITB explains that "both counter-plaintiffs assert multiple claims against CITB and Cook without specifying which applies to which" and "fail to assert any facts distinguishing the causes of action applicable to each." (*Id.* at 18.)

## II.   Standard

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend pleadings] when justice so requires." Fed.R.Civ.P. 15(a)(2). The Supreme Court has stated that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Supreme Court further stated:

> In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Id.*

In addition, Rule 20(a) of the Federal Rules of Civil Procedure provides:

**(1) Plaintiffs.** Persons may join in one action as plaintiffs if:

9

>> **(A)** they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> **(B)** any question of law or fact common to all plaintiffs will arise in the action.
> **(2) Defendants.** Persons . . . may be joined in one action as defendants if:
>> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>> **(B)** any question of law or fact common to all defendants will arise in the action.

Fed.R.Civ.P. 20(a).

### III. Analysis

As an initial matter, the Court finds there is no reason to justify denial of the Motion to Amend to the extent it seeks leave to file the Second Amended Answer, including the additional affirmative defense. The addition of the new affirmative defense is proper and would actually alleviate CITB's concerns of duplicative recovery by Shumaker and Shumaker International Corp.[2]

Turning to the proposed [Second] Amended Counterclaim, the Court agrees with CITB that it is a shotgun pleading and should not be filed in its current form. However, both the original Counterclaim (Doc. 7) and the

---

[2] Contrary to CITB's argument, Shumaker does not allege that only his company entered into the contract.

10

Amended Counterclaim (Doc. 16) were also shotgun pleadings, yet CITB did not bring this deficiency to the Court's attention by filing an appropriate motion or otherwise. Further, while CITB now argues that leave to amend should be denied because the proposed [Second] Amended Counterclaim fails to state a claim, CITB did not move for dismissal of the Amended Counterclaim (Doc. 16) on this basis, despite the substantial overlap between the two pleadings. Given that the Court has not yet addressed the merits of any Counterclaim filed in this case due to the lack of any dispositive motions directed at such Counterclaim(s), the Court is not prepared to conclude at this time that the proposed amendment would be futile. Even assuming that proposed Counter-Plaintiffs have failed to adequately plead any of the four causes of action that were also asserted in the Amended Counterclaim, such pleading deficiencies could be raised in a motion to dismiss or a motion for summary judgment. *See Real Estate Indus. Solutions, LLC v. Concepts in Data Mgmt. U.S., Inc.*, Case No. 6:10-cv-1045-Orl-GJK, *2 (M.D. Fla. Feb. 16, 2012) (concluding that "issues of pleading sufficiency . . . are better dealt with in fully briefed motions to dismiss or motions for summary judgment"). Also, without expressing an opinion on the merits of the proposed pleading, it would seem that dismissal of the proposed pleading, in whole or in part, based on the arguments raised so far, would be without prejudice to filing an amended pleading.

11

Therefore, based on the foregoing and considering the timeliness of the Motion to Amend, the Court will allow Counter-Plaintiffs to further amend the Amended Counterclaim, assuming they can remedy the shotgun nature of the proposed pleading within seven days of the date of this Order. In doing so, Counter-Plaintiffs should be careful not to commingle any claims, should ensure that there is sufficient factual support for their claims, and should expressly state whether any claims are alleged in the alternative.[3]

Accordingly, it is **ORDERED**:

1. The Motion to Amend (**Doc. 19**) is **GRANTED** to the extent Counter-Plaintiffs may further amend the Amended Counterclaim, assuming they can remedy the shotgun nature of their pleading **within seven (7) days** of the date of this Order.

2. The Motion for Reply (**Doc. 22**) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, on October 14, 2022.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

---

[3] CITB does not seem to argue and the Court does not find that the joinder of Shumaker International Corp. as Counter-Plaintiff and Daniel Cook as Counter-Defendant would be inappropriate under Rule 20(a), Fed.R.Civ.P.

12

Copies to:

Counsel of Record